**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO GOMEZ OJEDA,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   20-70165<br><br>Agency No. A205-466-956<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

     Antonio Gomez Ojeda, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to

terminate proceedings and dismissing his appeal from an immigration judge's

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241.

Gomez Ojeda's contention that the immigration judge lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("[T]he lack of time, date, and place in the [Notice to Appear] . . . did not deprive the immigration court of jurisdiction . . . .").

The agency did not err in concluding that Gomez Ojeda did not establish membership in a cognizable particular social group consisting of persons perceived to have wealth. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (proposed group of individuals returning to Mexico from the United States

who are believed to be wealthy was not cognizable because it was "too broad to qualify"). Additionally, substantial evidence supports the agency's conclusion that Gomez Ojeda otherwise failed to establish that he would be persecuted on account of a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Gomez Ojeda's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Gomez Ojeda failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**